IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HERIBERTO PALACIO, et al.,

          Plaintiffs,

v.

COBB COUNTY CODE
ENFORCEMENT, and 58 PLACE,
L.L.C., et al.,

          Defendants.

1:14-cv-0218-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Heriberto Palacio's ("Plaintiff" or "Palacio") "First Amendment Retaliation & Personal Injury & Tort Complaint" (the "Complaint") [3] for the Court's required review for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I.    BACKGROUND**

On February 3, 2014, Plaintiff, proceeding *pro se*, submitted his Complaint. Plaintiff alleges a variety of conclusory claims against Defendants Cobb County Code Enforcement and 58 Place, L.L.C. The Complaint contains a list of at least

---

[1] Plaintiff's Application to Proceed *In Forma Pauperis* was approved by Magistrate Judge Brill on February 3, 2014 [2].

fifteen (15) claims on the first and second pages.[2]  On page two (2), in a separate paragraph, Plaintiff alleges that he was "subjected to violations of the Occupational Safety and Health Act and the ongoing conspiracy to violate the Clean Air Act, the Occupational Safety and Health Act, and other Federal, State and Local laws, Acts and codes."  On the next three pages, he describes in a section entitled "FACTS" various matters which can be summarized as follows:

> 1.  Defendant 58 Place L.L.C. ("58 Place") uses uncertified and unlicensed contractors and did not have "legally required permits, licenses, training and certifications needed to provide a safe and legal workplace."
>
> 2.  Plaintiff responded to a maintenance job posting on Craigslist and was hired by 58 Place as a maintenance tech.  He was required to perform hazardous work and was not given the free apartment he was offered when he took the position, but offered instead a substandard apartment that "was rat infested."
>
> 3.  He was assigned to work at an apartment complex different than the one for which he was hired and where he expected to live.[3]
>
> 4.  He was assigned later to "special project" at an abandoned building, where he was instructed to demolish with a sledge hammer tile walls in six bathrooms.  While doing this work, he fell and injured

---

[2]  The Complaint pages are unnumbered.
[3]  Plaintiff mentions four (4) property locations in his "facts" section: 1794 James Ray Drive, at which he apparently believed he would work when he was hired; Dwell Villas, where he worked for some unspecified period of time; 750 Franklin Road, where he provided help to the maintenance staff for another unspecified period of time; and 526 Little St. SE, an abandoned building, where he worked on a "special project."

2

his back. His attorney told him not to discuss his injury with "Everett," who appears to be a manager for 58 Place.

5. Cobb County Code Enforcement "knew of, and/or should have know [sic] that [58 Place] was, and have been incessantly violating the Cobb County Codes" which created a safety hazard.

Plaintiff appears to allege generally that: (1) 58 Place did not give him the job for which he was hired and did not assign him to the location which he was promised; (2) he and others were required to do hazardous work for which 58 Place was not certified or licensed to perform; and (3) 58 Place and Cobb County Code Enforcement knew of, and did not enforce, safety codes.

Plaintiff requests, as relief, "judicial solicitude," "judicial review of the constitutionality of any statute that would prevent Plaintiff from recovering damages from Defendant Cobb County Code Enforcement," an "injunction be issued ordering Defendant Cobb County Code Enforcement to do a thorough inspection of all properties owned or operated by Defendant 58 Place, L.L.C., their affiliates, subsidiaries and parent companies, (within Cobb County)," and the same for properties in DeKalb County. Plaintiff also requests damages in the amount of $150,000 from 58 Place and $100,000 from Cobb County Code Enforcement.

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See Miller

4

v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Liberally construing Plaintiff's *pro se* Complaint, and piercing through his undisciplined allegations to piece together the claims Plaintiff seeks to assert, the Court considers the following claims to determine if they are frivolous.

> 1.   *Failure to assign Plaintiff to the property and apartment he expected.*

Plaintiff alleges that he was promised a particular job, and a particular apartment, at a certain location. This appears to be a claim for breach of contract. Plaintiff does not allege that the claimed representations were made in writing.

In Georgia, employees are considered to work at will and an employer, absent a written employment contract, may amend or terminate an employee's duties at the employer's discretion. See Balmer v. Elan Corp., 599 S.E.2d 158, 160-161 (Ga. 2004). Here, Plaintiff does not allege that he entered into an employment agreement. Plaintiff alleges only that he did not work where he was told, when he was hired, that he would work. This does not constitute a breach of contract under Georgia law. See id. at 161; see also Moore v. BellSouth Mobility, 534 S.E.2d 133 (2000) (oral promises as to future events are not enforceable by at-will employees and cannot provide grounds for a breach of contract claim).

Plaintiff next suggests that he was given a substandard apartment different than the one he was told he would be offered. Even if he had a contract for the

apartment—which he does not allege—it appears that he ultimately received the apartment he wanted, and thus he cannot assert a claim based on the apartment.

### 2.   *Hazardous work claim*

It appears that Plaintiff claims he performed work in violation of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 et seq. OSHA does not create a private right of action for an employee to recover for alleged OSHA violations. Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (11th Cir. 1982). There is no basis for a claim based on alleged hazardous work.

### 3.   *Claim for fall*

Plaintiff claims that on January 14, 2014, he slipped on debris while working, was treated at the hospital and thereafter returned to work. A doctor told him to take one (1) day of rest and not to do heavy lifting for five (5) days.

When he returned to work,[4] Plaintiff did not tell anyone that he had any work restrictions and instead said that his lawyer told him not to discuss the incident. Importantly, Plaintiff appears to allege an on-the-job injury and does not allege any facts to support that he has a claim for an injury that is not foreclosed by worker's compensation insurance. In fact, he does not allege any conduct on the

---

[4] Plaintiff does not allege when after the injury he returned to work, but for the purposes of this analysis, the Court assumes it was the same day the injury occurred.

part of his employer that relates in any way to the cause of his injury and this claim has no basis.

    4.    *Claim to enforce code provisions*

An individual does not have a private cause of action for alleged violations of the Official Code of Cobb County and this claim also has no basis. See Official Code of Cobb County, Georgia, § 2-101.

### III. CONCLUSION

Having considered Plaintiff's *pro se* status and accepted the allegations of the Complaint as true, the Court concludes that the Complaint does not state a claim to relief that is plausible on its face and otherwise finds that the claims in the Complaint have little or no chance of success, and for these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 14th day of March, 2014.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE